UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDARRELL ISIAH SIMS,

    Petitioner,

                                    Civil Action No. 13-cv-11959

v.

                                      HONORABLE MARK A. GOLDSMITH

KENNETH McKEE,

    Respondent.

_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Cordarrell Isiah Sims, presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his sentence for (i) one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), (ii) one count of conspiracy to commit first-degree home invasion, Mich. Comp. Laws §§ 750.157a and 750.110a(2), and (iii) one count of assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84. For the reasons stated below, the petition for writ of habeas corpus is summarily denied.

### I. BACKGROUND

Petitioner's sentences arise from a home invasion, where Petitioner beat a woman who resided in the home. Petitioner pled guilty to (i) first-degree home invasion, (ii) conspiracy to commit first-degree home invasion , and (iii) assault with intent to do great bodily harm. People v. Sims, No. 292529, 2011 WL 520538, at *1 (Mich. Ct. App. Feb. 15, 2011). The trial court ultimately sentenced Petitioner to 140 months to 240 months on the home invasion conviction,

140 to 240 months on the conspiracy conviction, and 67 months to 120 months on the assault conviction. Id. The court ordered that the sentences for the home invasion conviction and the conspiracy conviction should run consecutively, while the sentence for the assault conviction and should run concurrently with the conspiracy conviction. Id.

Petitioner appealed to the Michigan Court of Appeals. The court of appeals upheld the scoring of offense variables 9, 10, and 12 under the Michigan Sentencing Guidelines. Id. at *2-*3. The court concluded that the trial court erred in assessing Petitioner 25 points under offense variable 13 because Petitioner's conspiracy charge did not qualify under Michigan law as a "crime against a person," and could not be used to assess points against Petitioner for that offense variable. Id. at *4. Although the erroneous scoring of offense variable 13 would not have affected the sentencing guidelines range, the court noted that the Michigan Supreme Court had held that a defendant must be re-sentenced according to accurately scored sentencing guidelines. Id. at *5. The court remanded the case to the trial court for re-sentencing, declining to address the proportionality issue. Id.

On appeal by the prosecutor, the Michigan Supreme Court reversed the court of appeals' decision on the ground that re-sentencing is not required, if the inaccurate scoring of a sentencing guidelines variable did not affect the guidelines range. People v. Sims, 798 N.W. 2d 796 (Mich. 2011). On reconsideration, the Michigan Supreme Court modified its order and remanded the case to the Michigan Court of Appeals to address the proportionality issue raised by Petitioner. People v. Sims, 802 N.W. 2d 64, 64-65 (Mich. 2011).

On remand, the Michigan Court of Appeals concluded that Petitioner's sentence was proportionate to the offense and to the offender and that it was proper for the court to impose consecutive sentences. People v. Sims, No. 292529, 2012 WL 3111720, at *1 (Mich. Ct. App.

July 31, 2012).  The Michigan Supreme Court denied Petitioner leave to appeal.  People v. Sims, 823 N.W. 2d 282 (Mich. 2012).

Now, before this Court, Petitioner seeks a writ of habeas corpus on the following grounds:

> I.  The sentence in this case was based on improperly scored legislative sentencing guidelines in violation of federal and state constitutional requirements requiring resentencing.
>
> II.  The 23.5 year minimum imprisonment for first-degree home invasion and conspiracy to commit home invasion is disproportionate to this offense and this offender and an abuse of sentencing discretion.

Pet. at 5-7 (Dkt. 1).

## II.  ANALYSIS

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed.  Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  A federal district court has the authority to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or its exhibits that the petitioner is not entitled to federal habeas relief.  Carson v. Burke, 178 F.3d 434, 436-437 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The long-established practice in the Sixth Circuit requires district courts to examine habeas petitions prior to issuing a show cause order to the respondent.  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).  District courts must screen out any habeas corpus petition that lacks merit on its face.  Id.  Returning a habeas petition is unnecessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself.  Id.

After reviewing the petition, the Court concludes that Petitioner's sentencing claims do not entitle him to habeas relief.  For the reasons set forth below, the Court summarily denies the

instant petition. See McIntosh v. Booker, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004) (dismissing petition where grounds raised by petitioner were meritless).

The Court initially notes that Petitioner's sentences were within the statutory limits under Michigan law for the offenses of first-degree home invasion, conspiracy to commit first-degree home invasion, and assault with intent to do great bodily harm. These sentences were issued pursuant to state law, for which state courts are the final arbiters. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (holding "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). Claims arising out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. Vliet v. Renico, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citing Haynes v. Butler, 825 F.2d 921, 923 (5th Cir.1987)). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000). Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. Townsend v. Burke, 334 U.S. 736, 741 (1948).

In his first claim, Petitioner contends that the trial court judge incorrectly scored several of the offense variables under the Michigan Sentencing Guidelines range. The Court rejects this claim because "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is a state law claim. See Tironi v. Birkett, 252 F. App'x 724, 725 (6th Cir. 2007) (holding that "challenges to the trial court's application of Michigan's sentencing guidelines also raise issues

4

of state law not cognizable on habeas review"); Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003) (explaining that a "state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only"). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." Mitchell v. Vasbinder, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Petitioner's claim that the offense variables of the Michigan Sentencing Guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). Any error by the trial court in calculating Petitioner's guideline score or departing above his sentencing guidelines range would not merit habeas relief. Doyle v. Scutt, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

In his second claim, Petitioner alleges that the trial court erred in imposing consecutive sentences and contends that his sentence was disproportionate to the offense and to the offender. However, the trial judge did not violate Michigan law by imposing consecutive sentences in this case. Michigan law permits a trial court, in its discretion, to order a term of imprisonment for first-degree home invasion "to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." Mich. Comp. Laws § 750.110a(8). Additionally, the application of state sentencing laws governing consecutive sentencing does not present a federal constitutional question and is merely an issue of state law, which is not cognizable on habeas review. Coleman v. Koloski, 415 F.2d 745, 746 (6th Cir. 1969) (holding that breaking and entering sentences running concurrently with each other and larceny sentences running concurrently with each other, but consecutively to the breaking and entering sentences, did not present a federal constitutional question, absent cruel and unusual punishment). See also Rosier v. Giurbino, 245 F. App'x 687, 688 (9th Cir. 2007) (holding that

"to the extent that [the petitioner's] challenges the state court's decision to apply consecutive sentences, such a claim is not cognizable on federal habeas corpus"). In fact, there is no "constitutionally cognizable right to concurrent, rather than consecutive, sentences." United States v. White, 240 F.3d 127, 135 (2d Cir. 2001). The imposition of consecutive sentences, as opposed to concurrent sentences, does not, by itself, amount to cruel and unusual punishment in violation of the federal constitution and does not entitle Petitioner to habeas relief. Barde v. United States, 224 F.2d 959 (6th Cir. 1955).

Petitioner also asserts that his sentences are disproportionate or violate the Eighth Amendment, but Petitioner fails to state a claim for federal habeas relief. The United States Constitution does not require that sentences be proportionate. In Harmelin v. Michigan, 501 U.S. 957, 965 (1991), a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. Id. at 1001. Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. Austin, 213 F.3d at 302. Generally, federal courts do not engage in a proportionality analysis, except where the sentence imposed is death or life imprisonment without parole. United States v. Thomas, 49 F.3d 253, 261 (6th Cir. 1995).[1]

The crimes for which Petitioner have been convicted reflect a flagrant disregard for the law. As the Michigan Court of Appeals noted in rejecting Petitioner's proportionality claim:

> In this case, the victims suffered not just the violent and threatening intrusion into their home, but the adult victim endured a severe battery while the child victims witnessed the beating of their mother. These facts

---

[1] Indeed, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272 (1980).

6

> thus present the sort of heightened victimization that the Legislature sought to address through the device of consecutive sentencing. Thus, the trial court's exercise of its discretion did not bring about a sentence that failed reasonably to reflect the seriousness of the circumstances surrounding the offense and the offender.

Sims, 2012 WL 3111720, at * 3.

As noted above, Petitioner's sentences were within the statutory maximums for first-degree home invasion, conspiracy to commit first-degree home invasion, and assault with intent to do great bodily harm. Michigan law authorizes consecutive sentences in this case. Finally, because the U.S. Supreme Court in Harmelin concluded that a sentence of life imprisonment without parole for the offense of possession of more than 650 grams of cocaine was constitutional, the Court concludes that Petitioner's consecutive sentences totaling 280 months to 480 months are not extreme or grossly disproportionate to the offense or to the offender. Petitioner's sentences, while severe, are consistent with the seriousness of the crimes committed. See, e.g., Cowherd v. Million, 260 F. App'x 781, 784-785 (6th Cir. 2008) (holding that 104 year sentence, comprised of six consecutive sentences of 18 years, was not grossly disproportionate and did not violate the Eighth Amendment because each of the sentences was within the statutory maximum under state law for the underlying offense).

Thus, Petitioner is not entitled to habeas relief on his first and second claims.

### III. CONCLUSION

Before Petitioner may appeal the Court's dispositive decision, a certificate of appealability must issue under 28 U.S.C. § 2253(c). See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

straight forward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In other words, a petitioner can satisfy the "substantial showing" standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if Petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate the Court's denial of Petitioner's petition, the issue is not frivolous. Id. at 764. Therefore, an appeal could be taken in good faith and Petitioner may proceed IFP on appeal.

8

Accordingly, the Court summarily dismisses Petitioner's petition for a writ of habeas corpus (Dkt. 1), declines to issue a certificate of appealability, and grants Petitioner to appeal IFP.

SO ORDERED.

                                                s/Mark A. Goldsmith

Dated: August 22, 2013                MARK A. GOLDSMITH
Flint, Michigan                      UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 22, 2013.

                                                s/Amanda Chubb for Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager