UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDARELL ISIAH SIMS,

       Petitioner,                  Civil Action. No.
                                   13-cv-11959
v.

                               HONORABLE MARK A. GOLDSMITH

KENNETH McKEE,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND
DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A
CERTIFICATE OF APPEALABILITY TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT**

       Cordarell Isiah Sims, (Petitioner"), filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254, in which he challenged his convictions for one count of first-degree home

invasion, Mich. Comp. Laws § 750.110a(2); one count of conspiracy to commit first-degree

home invasion, Mich. Comp. Laws §§ 750.157a and 750.110a(2); and one count of assault with

intent to do great bodily harm, M.CL.A. 750.84.   On August 22, 2013, this Court summarily

denied petitioner's application for a writ of habeas corpus, declined to issue a certificate of

appealability, but granted petitioner leave to appeal *in forma pauperis. Sims v. McKee,* No. 13-

cv-11959, 2013 WL 4502191 (E.D. Mich. August 22, 2013).

       Petitioner has now filed a notice of appeal with the United States Court of Appeals.

Petitioner has also filed a motion for a certificate of appealability, which this Court will treat in

part as a motion for reconsideration of the Court's prior decision to deny petitioner a certificate

of appealability.   For the reasons that follow, the Court will deny petitioner's motion for

1

reconsideration. The Court will further order that petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

Because this Court previously denied petitioner a certificate of appealability when it denied the petition for writ of habeas corpus, the Court will initially construe petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability in this case. *See e.g. Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006).

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *See also Williams v. McGinnis*, 192 F. Supp. 2d 757, 759 (E.D. Mich. 2002). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Williams,* 192 F. Supp. 2d at 759; *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Other than conclusory or unsupported allegations, petitioner has failed to advance any arguments in his motion for a certificate of appealability which shows that this Court erred in denying the petition for writ of habeas corpus and in declining to issue a certificate of appealability. A habeas petitioner's conclusory assertion that jurists of reason would find his or her claims to be debatable is insufficient to warrant the issuance of a certificate of appealability.

2

*See Babgy v. Saffle,* 53 Fed. Appx. 25, 28 (10th Cir. 2002).   Petitioner's request for reconsideration will therefore be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily denied petitioner's application for writ of habeas corpus and denied him a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

This Court further notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)).   In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct his request for a certificate of appealability to the Sixth Circuit.   The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

**IT IS HEREBY ORDERED** that petitioner's request for reconsideration of the Court's previous denial of a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer petitioner's "Motion for Certificate of Appealability" [Dkt. # 5] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

SO ORDERED.

Dated:  October 10, 2013                         s/Mark A. Goldsmith
      Flint, Michigan                         MARK A. GOLDSMITH
                                    United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 10, 2013.

s/Deborah J. Goltz           
DEBORAH J. GOLTZ
Case Manager
